| | | |
|---|---|---|
| PAUL ALEXANDER EXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF MOORESVILLE, | ) | |
| NORTH CAROLINA; CHIEF | ) | **DEFENDANTS' REPLY IN** |
| RON CAMPURCIANI, in his | ) | **SUPPORT OF DEFENDANTS'** |
| official and individual capacity, | ) | **MOTION TO DISMISS** |
| ASSISTANT CHIEF RHONDA | ) | |
| FAUST, in her individual and | ) | |
| official capacity; CAPTAIN | ) | |
| BUCKY GOODALE, in his official | | |
| and individual capacity; and | | |
| TRACEY JEROME, in her official | | |
| and individual capacity, | | |
| | | |
| Defendants. | | |

NOW COME Defendants Town of Mooresville, Chief Ron Campurciani, Assistant Chief

Rhonda Faust, Captain Bucky Goodale, and Tracey Jerome (collectively "Defendants"), by and

through undersigned counsel, and respectfully submit this Reply in support of Defendants'

Motion to Dismiss.  Defendants address only matters newly raised by Plaintiff's Response to

Defendants' Motion to Dismiss in Lieu of an Answer and will explain why Defendants' Motion

to Dismiss should be granted.

## **ARGUMENT**

### I. **Plaintiff has Failed to Plead Individual Claims Against Defendants Jerome and Goodale.**

Plaintiff argues he has sufficiently stated a claim against Defendant Goodale for First Amendment Retaliation because Defendant Goodale submitted a complaint to various third-party entities on January 22, 2026, accusing Plaintiff of inappropriate or retaliatory treatment of Mooresville-affiliated cadets. (D.E. 1 ¶ 127-38). The purported protected speech occurred nearly a year prior. (*Id.* ¶ 67). Plaintiff's conclusory allegation that Defendant Goodale's complaint was in retaliation for his alleged protected speech nearly a year prior, without any further allegation of fact to support such a connection, falls short of the requirements under Fed. R. Civ. P. 8(a)(2) and instead constitute "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's argument for individual liability against Defendant Jerome is based upon the allegation that she affirmed the discipline imposed upon Plaintiff. (D.E. 1 ¶ 123). Plaintiff argues that *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994) and *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984) stand for the proposition that a final decision maker who affirms unconstitutional discipline after being presented with constitutional concerns is personally involved in the deprivation. (D.E. 6). Neither case holds what Plaintiff argues. Instead, both cases indicate when a supervisor can be liable under § 1983 for actions of their subordinates, which is exactly how Plaintiff is attempting to hold Defendant Jerome. Such a showing requires the presence of "deliberate indifference" which is not pled here. *Shaw,* 13 F.3d at 799. Thus, Plaintiff has failed to state a claim against Defendant Jerome individually.

## II. Plaintiff's First Amendment Claim Fails

### a. Plaintiff did not Engage in Protected Speech.

Plaintiff argues that use of his personal Snapchat account to communicate information about a Special Response Team operation outside his chain of command after the operation

4912-3412-6009, v. 1

ended constitutes speech as a private citizen because there was no order or policy requiring him or prohibiting from engaging in the speech. Simply engaging in speech outside the normal channels of employment without authorization to do so does not automatically mean the speech was made as a private citizen. See *Garcetti v. Ceballos,* 547 U.S. 410, 420, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) (indicating that whether an employee speaks at the workplace or outside of it is not dispositive on whether he spoke as a private citizen). Plaintiff sent a message to another law enforcement officer "directly reflecting" what SRT personnel had already discussed during the operation and provided information that only a member participating in the operation in question would have had. (D.E. 1 ¶ 85-86). Such communication is made as an employee of the Town, not as a private citizen. See *Holland v. Rimmer*, 25 F.3d 1251, 1255-56 (4th Cir. 1994) (speech by a supervisor disciplining employees is not speech as a private citizen because it constituted "in-house communications between employees speaking as employees.").

Plaintiff's speech was also not concerning the public. In his Response, Plaintiff argues the cases cited by Defendants are distinguishable because Plaintiff was discussing a jurisdictionally sensitive police operation conducted in another agency's territory rather than personal employment grievances. Plaintiff's Complaint alleges that he communicated the deputy's boss "was going to be angry." (D.E. 1 ¶ 85). Plaintiff does not allege he communicated any jurisdictional concerns. Rather, he argues now in his lawsuit that is what the communication was intended to do. "Speech involves a matter of public concern when it involves an issue of social, political, or other interest to a community." *Kirby v. City of Elizabeth City,* 388 F.3d 440, 446 (4th Cir. 2004). Messaging an employee in another agency that his boss is going to be angry, using an application that automatically deletes the message after it is sent does not suggest Plaintiff's communication was intended to relay a public concern.

4912-3412-6009, v. 1

Plaintiff made no efforts to communicate his concerns to the public in any manner. See *Holland*, 25 F.3d at 1255-56 (the court looked to whether the employee was speaking out to the public to determine whether the matter was of public concern); *Kurtz v. Vickrey*, 855 F.2d 723, 727 (11th Cir. 1988) (an employee's effort to communicate to the public is relevant in determining whether the speech is of a public concern).

### b. Plaintiff's Interest in Speaking is Outweighed by the Town's Interest in Efficient Service.

Like many of Plaintiff's arguments contained in his Response, he provides no legal authority to support his position that the Town's interests in efficient service are do not outweigh his interest in telling an employee of another agency information about an operation. Under Plaintiff's theory, since he is a support officer on SRT, he can communicate information about any operation to anyone outside his department as long as the operation is complete and he did not disclose tactics or sensitive information about the operation. A police department, and SRT specifically, operate in dangerous situations where members of the team and department must be able to rely upon each other.

Courts "must take into account the context of the employee's speech and the extent to which it disrupts the operation and mission of the institution." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 319 (4th Cir. 2006). The public employer does not need to prove actual disruption, "only that an adverse effect was 'reasonably to be apprehended.'" *Maciariello v. Sumner*, 973 F.2d 295, 300 (4th Cir. 1992) (quoting *Jurgensen v. Fairfax Cnty.*, 745 F.2d 868, 879 (4th Cir. 1984)). "This has particular resonance when law enforcement agencies are involved because 'police officials are entitled to impose more restrictions on speech than other public employers because a police force is paramilitary—discipline is demanded, and freedom must be correspondingly denied.'" *Billioni v. Bryant*, 998 F.3d 572, 577 (4th Cir. 2021) (quoting

4912-3412-6009, v. 1

*Brickey v. Hall*, 828 F.3d 298, 304 (4th Cir. 2016)). "[G]reater latitude is afforded to police department officials in dealing with dissension in their ranks." *Maciariello*, 973 F.2d at 300. The Plaintiff here created conflict between two departments when he reached out to the Sheriff's deputy, despite being informed the jurisdictional concerns had been addressed. The Town had a legitimate interest in ensuring their officers are not engaging in such conduct and attempting to create dissension amongst agencies surrounding a criminal operation.

### III. Plaintiff's Fourteenth Amendment Stigma-Plus Claim Fails.
#### a. The Notation in Plaintiff's Personnel File.

The notation in Plaintiff's personnel file that he "showed guilt" by deleting snapchat messages is not false and was not made public by the Town, as required by *Sciolino*. *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007). Plaintiff alleges in his Complaint that he used an application to send the message which "automatically expire." (D.E. 1 ¶¶ 94, 117-18). It is unclear how Plaintiff can say he did not intentionally delete the messages when he intentionally used an application that deletes messages once they are sent. Such a claim is akin to arguing that a person does not cause the damage resulting from a motor vehicle accident, the car does. While admittedly not alleged, presumably Plaintiff had other methods of communicating with the deputy in question, yet chose to use a medium that deleted the messages once sent. A notation indicating he "showed guilt" by deleting snapchat messages is not false simply because Plaintiff did not manually delete the messages. He still caused the messages to be deleted.

More importantly, Plaintiff has not plausibly pled such information was or could be publicized. Plaintiff conveniently ignores the North Carolina State Statute which makes it a misdemeanor to disclose the information Plaintiff claims to be subject to public inspection. N.C.G.S. § 160A-168(e). The Town cannot disclose the subject information without committing

4912-3412-6009, v. 1

a misdemeanor.  Plaintiff cannot simply allege such information is likely to be reviewed by a prospective employer and ignore legal authority prohibiting such conduct, without alleging significantly more facts explaining how or why the Town and any prospective employer would subject themselves to criminal action by disclosing the identified information.

According to his Complaint, Plaintiff also received an opportunity to be heard when he appealed the disciplinary action twice. (D.E. 1 ¶¶ 117-122).  Plaintiff argues his allegation that the review process did not provide a meaningful opportunity to confront accusations, present evidence, and obtain a neutral determination is enough to establish he did not receive an adequate name-clearing hearing. (*Id.* ¶ 175).  Aside from Plaintiff's clear displeasure with how the appeals played out, it is unclear from the facts alleged why his two opportunities to appeal were not meaningful.  Plaintiff alleges he submitted documentation outlining his position and the specific concerns regarding his discipline. (*Id.* ¶ 122).

### b.  The F-5 Separation Document.

Plaintiff alleges the F-5 separation document carries a stigmatizing implication because it indicates MPD was aware of an investigation involving Plaintiff within the preceding eighteen months. (*Id.* ¶¶ 125, 171).  The document also indicated the nature of the alleged misconduct. (*Id.*).  Plainly, this is not false as Plaintiff was investigated for alleged misconduct which is clearly alleged throughout Plaintiff's Complaint.  Plaintiff does not rebut with any legal authority, Defendant's argument that the F-5 Separation Document is not tied to any recognized adverse employment action under the Fourteenth Amendment, such as a termination or demotion. See *Sciolino* 480 F.3d at 646; *Harrell v. City of Gastonia*, 392 F. App'x 197, 203 (4th Cir. 2010).  Plainly, Plaintiff does not have a stigma-plus claim under the Fourteenth

4912-3412-6009, v. 1

Amendment where there is no accompanying demotion or termination, of which there is neither as it pertains to the F-5 Separation Document.

**IV.  Plaintiff's Fourteenth Amendment Lack of Fair Notice, Arbitrary Enforcement, and Retroactive Policy Application Claim Fails.**

Plaintiff cites to no legal authority to support his argument that due process interests are implicated where a municipality disciplines an employee under a policy that did not exist or had not been communicated when the conduct occurred, where the employee has no liberty interest or property interest in the right in question.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *The Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).  Despite Plaintiff's insistence that this case is about more than secondary employment, the only right alleged to have been violated under this cause of action is Plaintiff's right to pursue secondary employment.  Again, the Court has rejected such a liberty interest.  See *Edwards v. City of Goldsboro*, 178 F.3d 231, 252-53, fn. 12 (4th Cir. 1999) (Court found Plaintiff's argument he was deprived of a liberty interest in pursuing secondary employment was without merit); *Gravitte v. North Carolina Div. of Motor Vehicles*, 33 Fed.Appx. 45, 47 (4th Cir. 2002) ("But the right to occupational liberty does not provide for judicial scrutiny when the government acts as employer to regulate the employment relationship with its own employees.").

Notably, Plaintiff has not attempted to make any argument he has a property interest in either his job or his right to secondary employment.

**V.  Plaintiff's North Carolina Constitutional Claims Fail.**

    **a.  Article I, Section 19**

4912-3412-6009, v. 1

Plaintiff's Response fails to adequately respond to the argument that Plaintiff has failed to plead any property or interest right in the interest being claimed.  More importantly, Plaintiff has failed to cite to any legal authority supporting any argument that Plaintiff can proceed on a claim under Article I, Section 19 claim without identifying a protected property or liberty interest under the North Carolina Constitution.  Further, Plaintiff correctly notes that Defendant cited to cases where claims are dismissed under Article I, Section 19 in instances where the employee is an employee-at-will.  Plaintiff was an employee-at-will.  Plaintiff's failure to identify any basis for a property or liberty interest is fatal to his Constitutional claim.

### b.  Article I, Section 1

Plaintiff's Article I, Section 1 claim is plainly barred because he has failed to plead the existence of an adequate state remedy.  Defendants do not need to identify an adequate state remedy and Plaintiff has cited to no legal authority supporting such a proposition.  To state a claim under this theory, a Plaintiff must show "no other state law remedy is available." *Tully v. City of Wilmington*, 370 N.C. 527, 537 (2018).  Plaintiff has failed to do so.

Plaintiff argues in his Response that Defendants' have too narrowly interpreted the holding in *Tully,* and that *Tully* stands more broadly for the proposition that a municipality violates Article I, Section 1 in any instance where policies are not followed.  This has already been considered and determined that Article I, Section 1 cannot be broadly applied to all areas of employment. See *Akers v. County of Sampson*, No. 7:22-CV-43-FL, 2022 WL 16936034, at *7 (E.D.N.C. 2022) (the "fruits of labor" clause will not be expanded as a matter of first impression, and is not applicable to allegations regarding unpaid wages and benefits).  The Court has held in *Tully* that the "fruits of labor" clause applies to promotional procedures. *Tully,* 370 N.C. at 535-36.  The Court has held in *Mole'* that the clause would apply where Plaintiff "was given

4912-3412-6009, v. 1

improper and inadequate notice of his pre-disciplinary hearing." *Mole' v. City of Durham*, 279 N.C.App. 583, 591, 866 S.E.2d 773, 781 (Ct.App. 2021). Plaintiff has cited to no legal authority to suggest *Tully* has been expanded further.

## CONCLUSION

WHEREFORE, Defendants respectfully request that their Motion to Dismiss be GRANTED and that each of Plaintiff's claims be DISMISSED WITH PREJUDICE.

This 1st day of July, 2026.

CRANFILL SUMNER LLP

BY:  /s/ *Jake W. Stewart*

Jake W. Stewart, NC Bar #51157
*Attorney for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
jstewart@cshlaw.com

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the June 18, 2024 Standing Order of this Court In Re: Use of Artificial Intelligence, 3:24-mc-104, counsel, by signing above, submits the following certification regarding Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

9

4912-3412-6009, v. 1

1. No artificial intelligence was employed in doing the research for the preparation of this Memorandum, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, as well as Google and Google Scholar;

2. Every statement and every citation to an authority contained in this Memorandum has been checked by the undersigned as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 1st day of July, 2026.

CRANFILL SUMNER LLP

BY:   /s/ *Jake W. Stewart*
Jake W. Stewart, NC Bar #51157
*Attorney for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
jstewart@cshlaw.com

4912-3412-6009, v. 1

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the undersigned has this day electronically filed the foregoing ***REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

C. Christopher Adkins
Adkins Law, PLLC
9620 Sherrill Estates Road
Huntersville, NC 28078
Telephone: (704) 274-5677
Facsimile: (877) 208-7577
Emails: chris@huntersvillelawyer.com
*Attorney for Plaintiff*

Christerfer R. Purkey
Rech Law, P.C.
18125 W. Catawba Avenue
Cornelius, NC 28031
Telephone: (704) 228-2790
Facsimile: (704) 909-7410
Email: cpurkey@rechlaw.com
*Attorney for Plaintiff*

This the 1st day of July, 2026.

**CRANFILL SUMNER LLP**

BY:     /s/ *Jake W. Stewart*
         Jake W. Stewart, NC Bar #51157
         *Attorney for Defendants*
         P.O. Box 30787
         Charlotte, NC 28230
         Telephone (704) 332-8300
         Facsimile (704) 332-9994
         jstewart@cshlaw.com

11

4912-3412-6009, v. 1